IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BRIGHTHOUSE LIFE INSURANCE, )
COMPANY, )
          Plaintiff, )
           ) Case No.
vs. )
           )
AMANDA STEVENS, JODIE TIEDE, )
and THOMAS A. LORENSON AS THE )
SPECIAL ADMINISTRATOR OF THE )
ESTATE OF PATRICIA MAY DOERING, )
           )
          Defendants. )

## COMPLAINT FOR INTERPLEADER

Plaintiff, Brighthouse Life Insurance Company (f/k/a MetLife Investors USA Insurance Company) ("Brighthouse"), by and through its undersigned counsel, and for its Complaint in Interpleader hereby states as follows:

## PARTIES

1. Interpleader Plaintiff, Brighthouse, is an insurance company organized and existing under and by virtue of the laws of the Delaware, with its principal place of business in Charlotte, North Carolina. It is authorized to do business in the State of Wisconsin.

2. Upon information and belief, Amanda Stevens was the spouse of the Patricia May Doering (the "Decedent") and is an adult individual who resides at 4007 East Broadway Boulevard, Tucson, Arizona.

3. Upon information and belief, Jodie Tiede is the niece of the Decedent and an adult individual who resides at 1721 Biscayne Drive, Little Chute, Wisconsin.

4. Upon information and belief, Thomas A. Lorenson is the Special Administrator of the Estate of Patricia Mae Doering with a business address of 107 South Saint Marie Street, P.O. Box 808, Wautoma, Wisconsin.

**JURISDICTION AND VENUE**

5. Pursuant to Federal Rule 22 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this interpleader action. The defendants are diverse from plaintiff, the amount in controversy (the death benefit under the Brighthouse annuity described below) exceeds $75,000 and the matter otherwise meets the requirements of the applicable rule and statute.

6. Brighthouse is prepared to deposit the proceeds available under the annuity contract into the registry of the Court.

7. Venue is proper pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) because a defendant/claimant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

**BACKGROUND FACTS**

8. The Decedent was the owner and annuitant of Brighthouse Life Insurance Company non-qualified Annuity Contract Number 3205235425 (hereinafter "Brighthouse Contract"). The issue date of the Brighthouse Contract was October 3, 2011. A true and correct copy of the Brighthouse Contract is attached hereto as Exhibit 1.

9. Decedent's initial payment as to the Brighthouse Contract was over $170,000.

10. The Decedent died on or about March 16, 2017. A true and correct copy of the State of Arizona Department of Health Services Certificate of Death for Patricia Doering is attached hereto as Exhibit 2.

11. The Brighthouse Contract provides that the Beneficiary designation in effect on the Issue Date will remain in effect, unless changed. The Owner (Decedent) could change the primary or contingent beneficiary. (Exhibit 1 at p. 5.)

12. Under the Brighthouse Contract, unless the Owner provides otherwise, the death benefit will be paid:

   1. to the primary Beneficiary(ies) or if there are none, then
   2. to the contingent Beneficiary(ies) or if there are none, then
   3. to the Owner's estate.

(Exhibit 1 at p. 5.)

13. Jodie Tiede was the initial primary beneficiary listed for the Brighthouse Contract.

14. At Decedent's date of death, Amanda Stevens was listed on Brighthouse records as beneficiary of the Brighthouse Contract.

15. After Decedent's death, on or about March 30, 2017, counsel for Jodie Tiede advised that Ms. Tiede was a surviving niece and heir of Decedent, that Amanda Stevens' marriage to Decedent was void and that any beneficiary designation to Ms. Stevens was void as the beneficiary application was procured through undue influence or while Decedent was incompetent. A true and correct copy of the correspondence from counsel for Jodie Tiede is attached as Exhibit 3.

## CAUSE OF ACTION IN INTERPLEADER

16. Brighthouse incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein at length.

17. Based on the foregoing, there is presently an actual, justiciable controversy between and among the plaintiff and defendants as to their respective rights to the Brighthouse Contract.

18. Brighthouse is an innocent stakeholder and claims no title or interest in the proceeds available under the Brighthouse Contract.

19. Due to the competing claims as to the Brighthouse Contract, Brighthouse is at risk of suffering competing claims and multiple lawsuits and/or multiple liability in connection with the Brighthouse Contract.

20. Unless potentially adverse and conflicting claims to the Brighthouse Contract are resolved in a single proceeding pursuant to an appropriate court order, Brighthouse is subject to multiple litigation and is at a substantial risk of suffering multiple liability and/or inconsistent rulings as to its liability with respect to the Brighthouse Contract.

21. Brighthouse is now seeking, by way of this interpleader claim, certainty regarding the Defendants' respective rights as to the Brighthouse Contract.

22. Brighthouse is prepared to deposit funds from the Brighthouse Contract into the Court pending the resolution of this action.

23. Brighthouse is entitled to reasonable attorneys' fees to be deducted from the Brighthouse Contract because it is a disinterested stakeholder in this action.

WHEREFORE, Brighthouse demands judgment as follows:

(1) Enjoining and restraining the Defendants from commencing or further prosecuting any other proceedings in any state or United States court against Brighthouse on account of the Brighthouse Contract;

(2) Requiring the Defendants to litigate or settle and agree among themselves their claims for the proceeds of the Brighthouse contract, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the contract benefits, plus any applicable interest, should be paid;

(3) Permitting Brighthouse to pay the proceeds of the Brighthouse Contract into Court and discharging Brighthouse from further participation in this action;

(4) Dismissing Brighthouse from this action, with prejudice, and discharging Brighthouse from any and all liability in connection with, arising out of, or related to the Brighthouse Contract;

(5) Awarding Brighthouse its costs and reasonable attorneys' fees out of the proceeds of the Brighthouse Contract; and

(6) Granting any such other and further relief as this Court deems appropriate.

Dated: July 13, 2017.

STAFFORD ROSENBAUM LLP

By /s Susan K. Allen
Laura Skilton Verhoff
Susan K. Allen
Attorneys for Plaintiff, Brighthouse Life Insurance Company

1200 North Mayfair Road
Suite 430
Milwaukee, WI 53226
Email: lsverhoff@staffordlaw.com
       sallen@staffordlaw.com
414.982.2850